IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCHESU MINOR,** *Plaintiff* | : : : |
| v. | : : **CIVIL ACTION NO. 18-CV-5656** |
| **DISTRICT ATTORNEY OFFICE,** *Defendant* | : : : |

# MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                       **JANUARY 31, 2019**

*Pro se* Plaintiff Marchesu Minor, who is currently incarcerated at the Riverside Correctional Facility, brings this civil action against "District Attorney Office." (ECF No. 1.) She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 2.) For the following reasons, the Court will grant Minor leave to proceed *in forma pauperis* and dismiss her Complaint.

## I. FACTS

The way in which Minor has prepared her Complaint makes it difficult for the Court to understand the basis for her claims. The Complaint consists of 57 pages and appears to include several sections. The first section is titled "Complaint" and names the "District Attorney Office" as the Defendant. She references CP-51-CR-0007979-2018, a state criminal proceeding pending against Raheem Hunter. The docket suggests that Hunter is facing charges of aggravated assault, unlawful restraint/serious bodily injury, possession of instrument of crime, simple assault, reckless endangerment, and false imprisonment, all of which stem from an incident that occurred on September 13, 2017. The Court gathers from the Complaint that Minor was the victim of these crimes and that she believes she has been subjected to victim/witness intimidation. Minor

1

questions why Hunter was not arrested earlier. She also mentions not receiving mental health treatment.

In the second portion, Minor references her prior case, Civil Action No. 18-2378,[1] and argues that the 18th District engaged in defamation of character against her mother, Josephine Minor. She also vaguely mentions being "violated" by Parole and Probation, and that she was also "victim to defamation and violation of civil rights victim to loss of grandparent rights."

The third segment is titled "Amendment of Complaint." Minor suggests that she "has been victim to her abuse parent by way of the law enforcement in the past." She references being abandoned by Josephine Minor and that Josephine Minor should be arrested. Minor asks the Court "to lift the [violation of probation] of Honorable Stephanie Sawyer this day of January 10, 2019 as [she] suffered victim intimidation by Josephine Minor 90 day[s] after 9-13-17 assault that Josephine Minor opened the door to Raheem Hunter the day of assault." Minor has included several attachments to her Complaint, including a copy of a promissory note from Navy Federal Credit Union, a screenshot of a Personal Signature Card from Citizens Bank, copies of letters she sent to Internal Affairs, a letter response from Internal Affairs, a copy of Hunter's criminal docket, a completed District Attorney's Office Restitution Form, and a copy of a deed.

---

[1] In that matter, Minor sued "Commonwealth *MC51CR0001900 2017*" and alleged that the police allowed her tenants to destroy her property and that she was falsely arrested on aggravated assault charges. Compl. at 1-3, *Minor v. Commonwealth*, Civ. A. No. 18-2378 (E.D. Pa.) (ECF No. 1.) She also contended that the Assistant District Attorney forced her to take a "fake" plea agreement. *Id.* By Memorandum and Order entered on July 18, 2018, the Court dismissed Minor's Complaint, noting that: (1) the Commonwealth was entitled to Eleventh Amendment immunity and was not a "person" subject to liability under § 1983; (2) the Assistant District Attorney was entitled to absolute immunity; (3) Minor could not assert claims based on a failure to investigate allegations or prosecute alleged crimes of which she was the victim; and (4) Minor had not asserted a plausible false arrest claim. Mem. and Order, *Minor v. Commonwealth*, Civ. A. No. 18-2378 (E.D. Pa.) (ECF Nos. 9, 10). The Court then received an Amended Complaint and Complaint from Minor. By Memorandum and Order entered on August 1, 2018, the Court dismissed those pleadings, concluding that Minor had failed to cure the defects in her claims. Mem. and Order, *Minor v. Commonwealth*, Civ. A. No. 18-2378 (E.D. Pa.) (ECF Nos. 14, 15.)

2

## II. STANDARD OF REVIEW

The Court will grant Minor leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Minor is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

### A. The Complaint Fails to Comply with Rule 8

---

[2] However, as Minor is a prisoner, she will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

As an initial matter, Minor's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. As noted above, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," whereas Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." Here, the Complaint is neither a "short and plain statement" nor a "simple, concise, and direct" document. The Complaint simply does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3; *see also Holsey v. Collins*, 90 F.R.D. 122, 123 (D. Md. 1981) (finding that a complaint "place[d] an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be"). Although Minor has named "District Attorney Office" as the sole Defendant, it is not clear what her claims against that entity are. Furthermore, she appears to take issue with actions taken by other entities and individuals. The Court simply cannot discern the factual bases of any claims raised by Minor given the convoluted nature of her Complaint. Accordingly, dismissal under Rule 8 is appropriate.

**B.    Claims Raised Under 42 U.S.C. § 1983**

Minor may be raising claims pursuant to 42 U.S.C. § 1983 in her Complaint. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Minor's Complaint fails to state a claim for relief under § 1983.

The District Attorney's Office is not a proper party, as "all suits against any department of the City [of Philadelphia] must be brought in the name of the City itself because the departments of the City do not have an independent corporate existence." *City of Phila. v. Glim*, 613 A.2d 613,

616 (Pa. Commw. Ct. 1992). However, to the extent Minor's claims could be construed to be brought against the City, it is insufficient. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Minor has not done so here. Accordingly, she fails to state a claim against the District Attorney's Office and the City.

Minor also appears to take issue with the Judge who found her to be in violation of probation. While the Judge was not named as a defendant, the Judge is entitled to absolute immunity from Minor's claims, as it is apparent that Minor is upset about actions she took in her judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Minor also asks the Court to "lift the [violation of probation]." To the extent that Minor is seeking to have a criminal sentence invalidated, the only basis for seeking such relief in federal court is through a petition for a writ of *habeas corpus* after she has exhausted her state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Minor also may be bringing claims based on a failure to investigate her allegations or adequately prosecute alleged crimes of which she is the victim. For example, she asks why Hunter was not arrested sooner and asserts that Josephine Minor should be arrested. However, such claims

5

fail. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Finally, to the extent that Minor is reasserting any claims that were dismissed in Civil Action No. 18-2378, she may not relitigate those claims here.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Minor's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Minor an opportunity to file an amended complaint in the event she can state a plausible claim against an appropriate defendant or defendants that has not already been litigated. An appropriate Order follows.